**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JONATHAN BRUTUS,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-2022-PGB-CAB**

**JPMORGAN CHASE BANK, N.A.,**

**Defendant.**

______________________________/

# ORDER

This cause is before the Court on Defendant JPMorgan Chase Bank, N.A.'s ("**Defendant**") Motion to Dismiss. (Doc. 15 (the "**Motion**")). Plaintiff has filed a response in opposition. (Doc. 20 (the "**Response**")). Upon consideration, the Motion is due to be granted.

## I. BACKGROUND[1]

This case arises out of credit card debt that Plaintiff Jonathan Brutus ("**Plaintiff**") owes to Defendant. (Doc. 9, ¶ 6). Plaintiff signed his monthly statements, believing that this action conveyed payment to Defendant for his debt. (*Id.* ¶ 7). When Defendant refused to accept Plaintiff's signed monthly statement

[1] This account of the facts comes from Plaintiff's Amended Complaint. (Doc. 9 (the "**Amended Complaint**")). The Court accepts plaintiffs' factual allegations as true when considering motions to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

for payment, Plaintiff served a "Notice of Dishonor, Notice of Protest, and Opportunity to Cure." (*Id.* ¶ 10). Ultimately, Defendant "did not cure." (*Id.*).

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

Plaintiff's theory, predicated on the aberrant notion that the Uniform Commercial Code ("**UCC**") permits him to avoid his credit card debt, is entirely without merit. In fact, courts have held that "[i]f Plaintiff is advancing [the] theory [] that the UCC entitles him to satisfy, with fake money, a real debt that he owes to Defendant – such argument will not be entertained." *Cumberbatch v. Cap. One*, No. 8:25-CV-1703-TPB-CPT, 2025 WL 2373924, at *3 (M.D. Fla. Aug. 15, 2025). Courts routinely reject the argument that "promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *Price v. Lakeview Loan Servicing, LLC*, No. 2:19-CV-655-FTM-29-MRM, 2021 WL 1610097, at *4 (M.D. Fla. Apr. 26, 2021), *aff'd*, No. 21-11806, 2022 WL 896816 (11th Cir. Mar. 28, 2022). Thus, because the factual predicate of Plaintiff's Amended Complaint is *entirely* reliant upon a routinely rejected legal basis, the Motion is due to be granted. Moreover, because there is no set of facts that permits Plaintiff to pursue this theory, the case is dismissed with prejudice. *See id.* at *5 (Because any amendment to the complaint would be futile in light of Plaintiff's patently frivolous claims, the Court will dismiss [] Plaintiff's complaint with prejudice.").

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**. The Amended Complaint (Doc. 9) is **DISMISSED WITH PREJUDICE**.[2] The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on September 3, 2026

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] While Plaintiff does not request dismissal of the entire Amended Complaint, the Court cannot ascertain how these factual allegations could sustain *any* claim for relief. Accordingly, dismissal of the entire Amended Complaint with prejudice is proper.